# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3055

_____

|  |  |  |
|---|---|---|
| Richard N. Hendricks, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Keith G. Rasmussen, M. D., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 15, 2002
Filed: January 28, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

In his 42 U.S.C. § 1983 action, Richard Hendricks claimed that Keith Rasmussen (a psychiatrist at the Mayo Clinic in Rochester) violated his civil rights by wrongfully ordering his involuntary commitment for mental illness. The district court[1] granted Rasmussen's motion for summary judgment, holding that Rasmussen was not a state actor under section 1983. Hendricks appeals, arguing that Rasmussen became a state actor when he invoked a state involuntary-commitment statute.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We agree with the district court that Rasmussen was not a state actor.  See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (private party's mere invocation of state legal procedures does not constitute state action; finding no state action where merchant detained suspected shoplifter in reliance on state statute allowing reasonable detentions for reasonable amount of time); Ellison v. Garbarino, 48 F.3d 192, 195-96 (6th Cir. 1995) (finding no state action when private physician admitted patient pursuant to state involuntary-commitment statute). Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.